EMIL V. MATHIS, PETITIONER-DEFENDANT, v. JAMES REES, RESPONDENT-PROSECUTOR.

Submitted January 26, 1934—Decided March 28, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Walter S. Keown.*

For the defendant, *Wilbert V. Pike.*

PER CURIAM.

This matter is before the court on the return of a rule to show cause why a writ of *certiorari* should not issue to review a determination of the Court of Common Pleas of Camden county, on appeal thereto from a determination of the deputy commissioner of labor in a workman's compensation case.

It is conceded that the respondent Mathis was injured by accident in the course of his work as an automobile mechanic on September 2d, 1931, and that, in consequence of such injury, his right leg was amputated. The sole question raised by the reasons filed is that the testimony showed that defendant was not an employe of the prosecutor, but that defendant and prosecutor were partners in the conduct of the business, in the course of which defendant suffered his injuries.

The prosecutor, Rees, and the defendant, Mathis, both testified without equivocation that Mathis was at all times an employe of Rees, and that, at no time, was there a partnership relation. The business was conducted under the name

of "Rees and Mathis," as appears from the sign over the place of business, and from bill heads and other exhibits. This is explained by the two persons named as having been done for the benefit of Rees, inasmuch as Mathis was widely known throughout Camden county and Rees was not so known. Mathis testified that he readily consented because he was desirous of securing employment and was anxious to help Rees in any proper way. It appears from the testimony that Mathis lent money to Rees to buy the business property and that Rees gave him a first mortgage thereon, a part of which has been repaid. Mathis made no contribution to the partnership, all of the money being put in by Rees. The business bank account is and always has been in the name of Rees only, and checks were signed only by him. The other exhibits were signed only by Rees, such as an application to the department of motor vehicles for a gasoline dealers' license for "Rees & Mathis," which was signed only by Rees, under the following: "This application must be signed by person, or officer of firm owning above business. James Rees." The insurance covering liability to employes was issued to Rees only, in his name. No paper bears the signature of Mathis, except as stated, that the business was conducted under the name of "Rees & Mathis."

There can be no doubt that as between prosecutor and defendant there was no partnership, and that Mathis was an employe of Rees. We think that prosecutor's testimony does not suffice to overthrow this conclusion. If any false impression was created by the use of Mathis' name in the manner stated, Rees cannot avail himself of it, and we are not dealing with a question of Mathis' liability to some·person who may have extended credit on the strength of Mathis' name as a partner, or other liability claimed to have been assumed by Mathis by reason of the use of his name. We are concerned only with the relationship between Mathis and Rees.

The insurance carrier asserts that as to it the conduct of Mathis creates an estoppel, and that having created the impression that he was a partner he cannot now be heard to

deny it; and that the insurance carrier may assert such defense. We think this is not so. As above stated, the testimony shows that there was no partnership, and that there was no holding out of the parties as such partners. Finding such to be the fact, by the clear weight of the testimony, it is unnecessary to determine whether or not the insurance carrier might have the benefit of this claim of estoppel, if it was raised in the reasons for reversal.

The rule to show cause is discharged, with costs.